ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **CANTERA CARRAIZO INC.**<br><br>Peticionario<br><br>v.<br><br>**SUCESIÓN CRISTÓBAL ALEMÁN RODRÍGUEZ; SUCESIÓN AMALIA RAMOS HERNÁNDEZ, compuesta por FE ALEMÁN RAMOS, HILDA ALEMÁN RAMOS, FUNDADOR ALEMÁN RAMOS, DOMINGO ALEMÁN RAMOS y LIDIA ALEMÁN RAMOS; DEPARTAMENTO DE HACIENDA, ESTADO LIBRE Y ASOCIADO DE PUERTO RICO, Representado por EL SECRETARIO DE JUSTICIA; FULANO DE TAL**<br><br>Recurridos | TA2025CE00507 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.: **SJ2024CV10831**<br><br>Sobre: Acción Contradictoria de Dominio |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de octubre de 2025.

Comparece ante nos Cantera Carraízo, Inc. (Cantera o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Orden* emitida el 26 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Por medio de dicha determinación, el foro primario declaró No Ha Lugar la *Moción de Reconsideración* presentada por la parte peticionaria.[2]

Por los fundamentos que pormenorizamos a continuación, denegamos la expedición del recurso de *certiorari*.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 50. Notificada y archivada en autos el 26 de agosto de 2025.
[2] *Íd.*, Entrada Núm. 49.

# I.

El caso de marras tiene su génesis el 22 de noviembre de 2024 cuando la parte peticionaria radicó una *Demanda* en contra del señor Cristóbal Alemán Rodríguez y la señora Amalia Ramos Hernández, por sí y en representación de la Sociedad Legal de Bienes Gananciales; el Departamento de Hacienda y el Estado Libre Asociado de Puerto Rico en concepto de acción civil.[3] La parte peticionaria adujo que operaba un negocio de extracción y procesamiento de la corteza terrestre de una parcela con 105 cuerdas de terreno, aproximadamente, y ubicada en Trujillo Alto, Puerto Rico. Expuso que, como parte de una transición sucesoral corporativa, se realizó una reorganización de la empresa para maximizar la explotación industrial y establecer sus limitaciones territoriales y desarrollo. Además, sostuvo la parte peticionaria que se llevó a cabo un estudio de título el que arrojó que en el Registro de la Propiedad aparecían otras personas como dueños de la parcela. Específicamente, expresó que una cuarta (¼) parte de la parcela en cuestión constaba inscrita en el registro a favor del señor Cristóbal Alemán Rodríguez y la señora Amalia Ramos Hernández, mientras que el Departamento de Hacienda adquirió, mediante pública subasta, tres cuartas (¾) partes de dicho terreno.

A pesar de lo anterior, alegó la parte peticionaria que poseía la finca de forma pública, pacífica, ininterrumpidamente, de buena fe y en concepto de dueño, aunque sin justo título, por más de treinta y nueve (39) años. Arguyó que intentó adquirir extrajudicialmente la titularidad de la finca, empero dichos intentos fueron infructuosos. Por tal razón, mediante el presente caso, la parte peticionaria suplicó del foro primario que declarara Ha Lugar la demanda y ordenara cualquier pronunciamiento que procediera

---

[3] *Íd.*, Entrada Núm. 1.

en Derecho para que la parte peticionaria adquiriera la titularidad de la propiedad en cuestión y el Registrador de la Propiedad inscribiera la finca a su nombre.

El 3 de febrero de 2025, el ELA, en representación del Departamento de Hacienda, radicó una *Contestación a la Demanda.*[4]

Posteriormente, el 27 de febrero de 2025, la parte peticionaria presentó una *Demanda Enmendada*[5] con el propósito de sustituir al señor Cristóbal Alemán Rodríguez y a la señora Amalia Ramos Hernández por sus hijos que le sobreviven y componen la Sucesión Cristóbal Alemán Ramos y la Sucesión Amalia Ramos Hernández. Los nombres de estos son Fe Alemán Ramos, Hilda Alemán Ramos, Fundador Alemán Ramos, Domingo Alemán Ramos y Lidia Alemán Ramos.[6]

El 28 de febrero de 2025, el TPI emitió una *Orden* donde permitió la enmienda a la demanda.[7]

Asimismo, el 12 de marzo de 2025, el foro primario expidió un emplazamiento personal dirigido a la señora Lidia Alemán Ramos.[8]

Luego de múltiples trámites procesales, el 23 de mayo de 2025, la señora Hilda Alemán Ramos también presentó su *Contestación a la Demanda.*[9]

Sin embargo, el 1 de julio de 2025, la parte peticionaria radicó una *Moción solicitando se autorice emplazamiento por edicto* en cuanto a la señora Lidia Alemán Ramos.[10] Adujo que fue imposible emplazarla aún después de haber realizado un sin número de gestiones para hacerle entrega del emplazamiento. Además, adjuntó a dicha moción, una *Declaración Jurada* del emplazador Francisco Escalera García fechada el 30 de junio de 2025; un proyecto de

---

[4] *Íd.*, Entrada Núm. 14.
[5] *Íd.*, Entrada Núm. 19.
[6] *Íd.*, Entrada Núm. 18; véase además, *Íd.*, Entrada Núm. 12 SUMAC.
[7] *Íd.*, Entrada Núm. 21.  Notificada y archivada en autos el 5 de marzo de 2025.
[8] *Íd.*, Entrada Núm. 26. Notificado y archivado en autos el 12 de marzo de 2025.
[9] *Íd.*, Entrada Núm. 40.
[10] *Íd.*, Entrada Núm. 43; *Véase además,* Entrada Núm. 42 SUMAC.

orden para emplazar por edicto; y un proyecto de emplazamiento por edicto.

El 8 de julio de 2025, la parte peticionaria presentó una *Moción solicitando prórroga para emplazar por edicto*.[11] Arguyó que como el término de 120 días estaba por vencer, suplicó del foro primario una prórroga de treinta (30) días para emplazar por edicto a la señora Lidia Alemán Ramos.

Así, el foro primario emitió una *Orden* el 10 de julio de 2025 en la que declaró sin lugar la solicitud de la parte peticionaria para emplazar por edicto a la señora Lidia Alemán Ramos,[12] y, el 6 de agosto de 2025, dictaminó sin lugar la solicitud de prórroga de dicha parte para emplazar a esta codemandada por edicto.[13]

Insatisfecha, la parte peticionaria radicó una *Moción de reconsideración* el 21 de agosto de 2025,[14] empero el foro primario la declaró No Ha Lugar el 26 de agosto de 2025.[15]

Inconforme, la parte peticionaria presentó ante nos un recurso de *Certiorari* el 25 de septiembre de 2025 y planteó los siguientes señalamientos de error:

> **A. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE SAN JUAN AL DECLARAR NO HA LUGAR LA SOLICITUD DE PRÓRROGA PARA EMPLAZAR POR EDICTO A LA CODEMANDADA, PESE A QUE FUE PRESENATDA[SIC] DENTRO DEL TÉRMINO DE 120 DÍAS.**

> **B. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE SAN JUAN AL RESOLVER QUE NO TENÍA FACULTAD EN LEY PARA OTORGAR UNA PRÓRROGA PARA EMPLAZAR POR EDICTO, CUANDO DICHA SOLICITUD VERSABA SOBRE UN NUEVO EMPLAZAMIENTO POR EDICTO Y UNA PR[Ó]RROGA PARA EMPLAZAR PERSONALMENTE, DENTRO DEL TÉRMINO EN LEY.**

A pesar de haberle concedido un término a la parte recurrida para presentar su memorando en oposición a la expedición del auto de

---

[11] *Íd.*, Entrada Núm. 45.
[12] *Íd.*, Entrada Núm. 47. Notificada y archivada en autos el 11 de julio de 2025.
[13] *Íd.*, Entrada Núm. 48. Notificada y archivada en autos el 6 de agosto de 2025.
[14] *Íd.*, Entrada Núm. 49.
[15] *Íd.*, Entrada Núm. 50. Notificada y archivada en autos el 26 de agosto de 2025.

*certiorari*, no compareció. Adviértase, no obstante, que la señora Lidia Alemán Ramos no ha sido emplazada en el presente caso.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> . . . .

Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra*, pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025), instituye los criterios que se deben tomar en consideración para poder ejercer sabiamente la facultad discrecional de expedir un auto de *certiorari*. Estos factores son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

### III.

En el caso de marras, la parte peticionaria sostuvo que el foro primario incidió al resolver que no poseía la facultad en ley para otorgar una prórroga con el propósito de emplazar por edicto a la señora Lidia Alemán Ramos. Adujo la parte peticionaria que el TPI también erró al denegar la petición de dicha prórroga, a pesar de haberla presentado dentro del término de 120 días dispuesto en la Regla 4.3 de Procedimiento Civil, *supra*, R. 4.3.

A juicio del foro primario, procedía denegar la solicitud para emplazar por edicto a la señora Lidia Alemán Ramos, pues "[l]a declaración jurada presentada [como parte de la petición para emplazar por edicto] contiene únicamente menciones generales sobre las gestiones realizadas, las que resultan insuficientes. Además, refleja un uso limitado de recursos razonables que pudieran conducir a la localización de la parte demandada".[16] De igual modo, el TPI denegó la petición de prórroga para emplazar por edicto a la señora Lidia Alemán Ramos y expuso que "[e]l tribunal carece [de la] facultad en ley para extender el plazo de la RPC 4.3".[17]

Luego de un análisis sosegado del recurso de *certiorari*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. La parte peticionaria no nos puso en posición para soslayar la normativa de abstención judicial ni

---

[16] *Íd.*, Entrada Núm. 47.
[17] *Íd.*, Entrada Núm. 48.

existe evidencia de falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas. Ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari*, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no resulta meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos.

**IV.**

Por las razones discutidas anteriormente, denegamos la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
